UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY ANN CAPPEL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RON RACKLEY, Warden,<br><br>　　　　　Respondent. | No. 2:17-cv-01245 AC P<br><br><br>ORDER |

I.     Introduction

Petitioner Tammy Ann Cappel is a state prisoner incarcerated at Folsom State Prison, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, construed as a petition filed pursuant to 28 U.S.C. § 2254,[1] and a request to proceed in forma pauperis. This matter was transferred to this court from the Fresno division of the United States District Court for the Eastern District of California. See ECF No. 3.

Petitioner has consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 6.

---

[1] Petitioner submitted her petition on the form used by federal prisoners seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court construes the petition as one filed pursuant to 28 U.S.C. § 2254, the proper statute for seeking a writ of habeas corpus by a prisoner "in custody pursuant to the judgment of a State court."

1

For the reasons that follow, this court dismisses petitioner's habeas petition and denies her request to proceed in forma pauperis as moot.

## II. Legal Standards for Screening

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writs of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Because the instant petition challenges the alleged failure of CDCR officials to enforce a disciplinary decision directing the restoration of petitioner's service credits, the following legal standards also apply. In Nettles v. Grounds, 830 F.3d 922 (July 26, 2016) (en banc), the Ninth Circuit Court of Appeals held that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C. ] § 1983[.]" Nettles, 830 F.3d at 931, 934 (citations omitted). The Court of Appeals held that a claim does not fall within "the core of habeas corpus" if success on the merits of the challenged disciplinary matter "would not necessarily lead to [the petitioner's] immediate or speedier release." Id. at 934-35.

## III. Analysis

Petitioner challenges the denial of CDCR officials to enforce a September 20, 2011 disciplinary decision reached at Valley State Prison for Women, which directed the restoration of petitioner's service credits provided she remained disciplinary free. Prior to commencing this action, petitioner pursued her claim in the state courts by petitions for writ of habeas corpus filed in (and denied by) the Sacramento County Superior Court and the California Court of Appeal, Third Appellate District. After this action was commenced, the California Supreme Court also denied petitioner's state habeas petition.[2] See ECF No. 8.

The undersigned has reviewed the instant federal petition and exhibits and concludes that

---

[2] Had petitioner made a request, this court was authorized to consider a motion to stay the instant federal habeas petition pending exhaustion of petitioner's state court remedies. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). For this reason, and for present purposes, the undersigned declines to dismiss the petition on failure-to-exhaust grounds.

2

there are no grounds upon which petitioner can prevail on her claim in federal court. The October 18, 2016 decision of the Sacramento County Superior Court, denying petitioner's state petition for writ of habeas corpus, is informative:

> In September 2011, Petitioner was "granted" her administrative appeal number C-11-00988, in which she requested a "clean" copy of a disciplinary hearing under Rules Violation Report 2-11-13038 [sic] and a dismissal of the same Rules Violation Report. On December 28, 2015, Petitioner filed another administrative appeal, alleging that the Rules Violation Report number 2-11-13038 remained in her file and her lost credit was not restored, despite the fact that her administrative appeal was granted. On May 18, 2016, a Third Level review of Petitioner's appeal found that Petitioner was not eligible for restoration of credit because Petitioner did not remain disciplinary free for the requisite amount of time. Petitioner's appeal was denied.
>
> Petitioner's attached documentation suggested that the Rules Violation Report number 2-11-13038 was dismissed, through the "granting" of Petitioner's administrative appeal number C-11-00988. The Third Level Review decision did not substantively suggest otherwise.
>
> In a request for an informal response, this Court requested that Respondent(s) clarify the extent that appeal number C-11-00988 was granted and any communication to Petitioner on that subject which would indicate any intent to limit the relief requested in the appeal. The Court also requested any authority for refusing to restore credit lost during a disciplinary outcome that is subsequently dismissed.
>
> The Office of the Attorney General [AG] has responded and has supplied supporting documentation that clarifies the issue. The documentation demonstrates that Petitioner was found guilty of a rules violation in 2011, and administratively appealed that decision. When Petitioner submitted her appeal to the third level of review, her appeal was rejected because her submitted rules violation report was illegible. Petitioner filed a new appeal, number C-11-00988, requesting a legible copy of her rules violation report. This request was granted, and her original appeal of her disciplinary finding was continued at the third level. Complicating matters for purposes of the instant petition, however, Petitioner also requested in appeal number C-11-00988 that her rules violation be dismissed ["due to denial of 3rd Level Hearing Review"].[3]
>
> After examining all the documents relating to the rules violation and administrative appeals, this Court finds that the appeal for the rules violation was clearly denied at the third level of review and Petitioner did not challenge this denial in a timely fashion. Instead, Petitioner pursued her second line of administrative appeals, which

---

[3] See ECF No. 1 at 44.

3

> was granted as to her request for a legible copy of her rules violation report but provided no relief from the rules violation. To the extent that the second line of administrative appeals challenged the rules violation, this Court finds no reason to interfere with the prison disciplinary decision. A review of the hearing indicates that Petitioner admitted to pushing another inmate. This constitutes some evidence of the rules violation.

ECF No. 1 at 32-3 (In re Tammy Cappel, Superior Court Case No. 16HC00261, at 2-3).

The Superior Court expanded the record and ordered supplemental briefing from the AG, and found no ground upon which to grant petitioner relief. This court's review of additional documents attached to the instant federal petition supports the correctness of the Superior Court's decision. For example, a Third Level administrative decision in Case No. 15-0-9933 (Local Log No. FSP-16-00001) provides in pertinent part:

> [E]ven though the appellant argues that the attached appeals regarding log C#-11-00988 dated July 25, 2011 and September 14, 2011, ordering the removal of RVR-02-11-13-038 and restoration of credits was granted at the FLR [First Level Review], the fact remains the appellant was appropriately advised by the SLR [Second Level Review] that as she received an additional RVR on July 1, 2011, which was within 180 days of the RVR dated February 14, 2011, therefore she is ineligible for credit restoration relative to the appeal. It is further noted based upon a review of the Electronic Records Management System (ERMS) the RVR in question was not dismissed or removed and no credit restorations was [sic] applied.

ECF No. 1 at 51-2.

Regardless of the correctness of the Superior Court's decision, this court is without authority to consider the matter. Petitioner does not allege that her undisclosed term of incarceration would be necessarily shortened or terminated if her service credits were restored; moreover, the petition and exhibits indicate there is no ground upon which this court could order petitioner's immediate or speedier release. Therefore, the undersigned finds that petitioner's claim is not cognizable on federal habeas. Nettles, 830 F.3d at 931, 934-35.

The next question is whether the instant petition should be construed as a civil rights complaint. "A district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. "'If the complaint is amenable to conversion on its face, meaning it names the

correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

The undersigned finds that it would be inappropriate to construe the instant petition as a civil rights complaint. The petition is presented in "habeas corpus" terminology, and does not identify a proper civil rights defendant. Additionally, petitioner should be accorded the opportunity to consider the potential impact of obtaining in forma pauperis status on her claim in a civil rights case, as it may impact her eligibility for in forma pauperis status in future cases. See 28 U.S.C. § 1915(g) (prohibiting in forma pauperis status to prisoners who have had three or more cases dismissed as frivolous, malicious or for failure to state a claim). For these reasons, this court declines to convert the instant petition to a civil rights complaint.

Accordingly, because it plainly appears from the petition and exhibits that the petitioner is not entitled to relief on the grounds asserted, this action must be dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

### IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. This action is dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases; and

2. Petitioner's motion to proceed in forma pauperis, ECF No. 7, is denied as moot.

DATED: September 19, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5